IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION


FILED
JUN 27 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

WILLIE L. CANNADY, III,

    Plaintiff,

v.                                                       CIVIL NO. 2:10cv633

PATRICK R. DONAHOE,
Postmaster General, the UNITED
STATES POSTAL SERVICE,
    Defendants.

## OPINION AND ORDER

In the instant action, Plaintiff Willie L. Cannady, III, ("Plaintiff") seeks to sue the United States Postal Service (USPS) and the Postmaster General of the United States ("Defendants"), alleging that he was removed from his employment with the USPS in violation of his constitutional rights. This matter comes is the Court on a Motion to Dismiss Amended Complaint filed by Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

I. Factual and Procedural Background

Prior to December 31, 2009, Plaintiff was employed as a letter carrier by the United States Postal Service, serving in Portsmouth, Virginia. Following a series of workplace incidents, Plaintiff entered into a "Last Chance Agreement" (LCA) with the USPS. This LCA allowed Plaintiff to avoid removal related to the incidents, subject to his compliance with its conditions.

On or about October 1, 2009, Plaintiff requested leave on October 2 for a personal matter, which was denied. Plaintiff then notified the USPS of an "emergency situation," and did not appear for work on October 2. Plaintiff was subsequently removed from employment with the USPS as a result of his failure to appear on October 2, which was a violation of his LCA.

On December 23, 2010, Plaintiff filed a three-count lawsuit in this Court against the Postmaster General, the USPS, the National Association of Letter Carriers (NALC), and his local NALC branch. In his original Complaint, Plaintiff alleged that his removal violated both a personal employment contract with the USPS and a collective bargaining agreement between the USPS and NALC. Plaintiff also alleged that NALC had not upheld its duty to represent him in the grievance process, as required by the bargaining agreement. Both the Postmaster General and the USPS and NALC and its affiliate moved to dismiss this complaint.

Following their motions to dismiss, Plaintiff filed an Amended Complaint on April 15, 2011. This Amended Complaint removed the NALC defendants and restyled the contractual allegations against the Postmaster General and the USPS as constitutional claims. On April 22, 2011, Defendants again moved to dismiss these claims. Although Plaintiff has not responded to the April 22, 2011, Motion to Dismiss within the time allotted him by the rules of this Court, he has filed a Motion for Leave to File a Second Amended Complaint, by which he seeks to change the defendant in the case from the Postmaster General to two other supervisory officials.

II. Analysis

    A.    Jurisdiction

As an entity of the federal government, the USPS is afforded sovereign immunity unless waived by Congress. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). Congress has waived such

immunity under 39 U.S.C. § 401, which grants the USPS the power "to sue and be sued in its official name," and 39 U.S.C. § 409, which provides that "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." See Global Mail Ltd. v. U.S. Postal Service, 142 F.3d 208, 210 (4th Cir. 1998). The Court therefore has subject matter jurisdiction over this suit.

B. Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a claim. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). In a Rule 12(b)(6) dismissal, the standard of review is whether the complaint, accepting the allegations as true, allows recovery under the law. Waterford Citizens' Ass'n v. Reilly, 970 F.2d 1287, 1290 (4th Cir. 1992), (citing Hospital Building Co. v. Rex Hospital Trustees, 425 U.S. 738, 746, (1976)).

Accordingly, if the Court finds that sovereign immunity has been waived against a governmental entity and jurisdiction is proper, it must then determine "whether the source of substantive law upon which the claimant relies provides an avenue for relief." FDIC v. Meyer, 510 U.S. 471, 484 (U.S. 1994). Here, Plaintiff has alleged deprivations of his "constitutionally protected interest in . . . continued employment and livelihood" as protected by the Fifth Amendment, as well as "his constitutional rights to . . . substantive and procedural due process."

While not alleged with particular specificity here, such claims are generally cognizable under Bivens v. Fed. Bureau of Narcotics, 403 U.S. 388 (1985), which established a judicial remedy for violations of constitutional rights by federal actors. Under Bivens, however, a remedy for such violations is only available if "(1) Congress has not already provided an exclusive statutory remedy; (2) there are no 'special factors counseling hesitation in the absence of

affirmative action by Congress'; and (3) there is no 'explicit congressional declaration' that money damages not be awarded." Hall v. Clinton, 235 F.3d 202, 204 (4th Cir. 2000), (citing Bivens, 403 U.S. at 396-97).

The Supreme Court has foreclosed Bivens remedies for federal employees who have alleged constitutional violations by federal actors as a result of workplace grievances. Bush v. Luca, 462 U.S. 367 (1983). In Bush, the Court held that federal employment constitutes the sort of "special factor" that makes a Bivens remedy inappropriate, in light of the "comprehensive set of procedural and substantive provisions governing the rights of federal employees." Zimbelman v. Savage, 228 F.3d 367, 370 (4th Cir. 2000) (citing Bush, 462 U.S. at 368).

In his Amended Complaint, Plaintiff has made no allegation that he was denied access to what the courts have determined to be the "comprehensive and elaborate remedial scheme for aggrieved Postal workers" created by Congress. Pereira v. U.S. Postal Service, 964 F.2d 873, 875 (9th Cir. 1992). Instead, the Amended Complaint attempts to step outside that scheme entirely and seek a direct judicial remedy from the Court. Such attempts are precluded, even in cases where "the remedies made available by Congress were not complete and some hardships would go uncompensated." Zimbelman, 228 F.3d at 371. The Court therefore finds that the substantive law on which Plaintiff relies does not provide an avenue of relief. Even if all allegations in his Amended Complaint are accepted as true, the law does not permit recovery.

Plaintiff has moved for leave to file a Second Amended Complaint, seeking to remove the Postmaster General and join two other USPS employees, Postmaster Robert Shaw and Supervisor Charles Jacobs, as defendants. In light of the above analysis, the Court finds this motion to amend to be futile. Were leave granted, the named defendants would still be federal actors and agents of the USPS, and as such Bivens claims would still be foreclosed against them. Even with the

proposed amendments, Plaintiff's complaint could still not survive a Rule 12(b)(6) motion to dismiss, and therefore must be denied as futile.

Accordingly, Defendants' Motion to Dismiss Amended Complaint is hereby **GRANTED**. Plaintiff's Amended Complaint is hereby **DISMISSED**. Further, Plaintiff's Motion for Leave to File Second Amended Complaint is hereby **DENIED**.

The Clerk is **DIRECTED** to deliver a copy of this Opinion and Order to all Counsel of Record in this case.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 27, 2011